On Rehearing.
PER CURIAM.
Our attention has been called to the following statement in the case of the State ex rel. John McEnery v. Francis T. Nicholls, Governor, et al., 42 La. Ann. 222, 7 South. 743, to wit: “Act No. 23, p. 25, of 1880 charges that officer (the Register) with the duty of issuing scrip or certificates, to such person as may be employed by the Gov- • ernor in pursuance of its provisions, for *719 the amount of his compensation when lands are recovered in hind.” It may he freely conceded that Act No. 23, p. 25, of 1880 does not in terms authorize the issue of scrip or certificates; but it did empower the Governor to make an allowance “out of the lands, money or scrip” that might be recovered. The Governor pursuant to the provision of the act made a contract with John McEnery, the last paragraph of which reads as follows: “Where lands in kind are recovered, the compensation, aforesaid, of the said John McEnery shall be represented in scrip or certificates to be issued by the Register of the Land Office of the state, and locatable upon any lands owned by the state.” In the case cited, the court was dealing with lands actually recovered by John McEnery under his contract with the Governor, and found no difficulty in arriving at the conclusion that John McEnery under the very letter of his contract was entitled to one-half of the lands so recovered, and that it was the mandatory duty of the Register and Governor to issue patents to John McEnery for the lands which had been allotted to him by the Register. In our Opinion we referred to the case cited for the purpose of showing that under the contract made pursuant to Act 23 of 1880, scrip and patents might have lawfully issued to John McEnery for his interest in lands actually recovered by him for the state of Louisiana. Our conclusion was that the mere reference in patents to Act 23 of 1880 did not show that the same had been issued in violation of law. But the gist of our decision is that patents having issued, the lands were thereby segregated from the public domain, and were no longer subject to entry. There is no authority or precedent that would warrant this court to decree such patents to be null and void in a collateral proceeding to which the present holders of the patents are not parties. Our understanding of the law is that only the state can sue to cancel or annul such patents, issued at a time when no third persons had any inceptive right, legal or equitable, in the lands conveyed by such instruments.